UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dwayne Deleston, # 96350-071, | ) | C/A No. 6:12-cv-1108-DCN-KFM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |

This is a civil action filed *pro se* by a federal prison inmate. Pursuant to 28 U.S.C. §636(b)(1) and Local Civil Rule 73.02(B)(2)(e) DSC, this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Dwayne Deleston ["Plaintiff"] is a federal prisoner who is currently serving a drug-related sentence entered against him by this court on January 19, 2001. *United States v. Deleston*, No. 2:99-cr-00751-DCN-6 (D.S.C. filed Feb.9, 2000). The United States Court of Appeals for the Fourth Circuit denied his direct appeal on November 30, 2001, *United States v. Deleston*, 22 F. App'x 206 (4th Cir. 2001), and the United States Supreme Court denied certiorari on April 1, 2002. *Deleston v. United States*, 535 U.S. 977 (2002). The undersigned magistrate judge takes judicial notice of the fact that since the denial of his direct appeal, Plaintiff filed 13 separate civil actions in this court, and in several of those cases, he sought to challenge his federal conviction and sentence.[1] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)(common and

---

[1] *Deleston v. U.S.A.*, No. 6:10-cv-02036-DCN (D.S.C. filed Aug. 8, 2010) (§ 2241);
(continued...)

appropriate use of judicial notice is for contents of court records).  During the same time period, he was also challenging his conviction and sentence by filing post-trial motions and appeals in his criminal case.²

The Complaint under review in this case indicates on its face that it is filed pursuant to the Federal Torts Claim Act ["FTCA"], 28 U.S.C. §§ 1346, 2671-80. Compl. 1, ECF No. 1.  Plaintiff seeks to hold the United States liable for $ 22 million in damages for alleged "false imprisonment" on the federal charge to which he pled guilty in 2000.  He contends that the United States is liable to him in damages because the Assistant United States Attorney ["AUSA"] who prosecuted his criminal case improperly pursued his guilty plea without seeking a grand jury indictment and allegedly withheld *Brady* material from Plaintiff and his counsel, thus preventing entry of knowing, voluntary plea.  Compl. 3; *see Brady v. Maryland*, 373 U.S. 83, 87(1963) (suppression of material and relevant exculpatory evidence by the government violates due process).  He claims that his "substantive due process rights" were violated by the AUSA's actions during the prosecution.

---

¹(...continued)
*Deleston v. U.S. Dep't of Justice*, No. 6:10-cv-00444-DCN (D.S.C. filed Feb. 24, 2010) (*Bivens*); *Deleston v. U.S.A.*, No. 6:09-cv-03185-DCN (D.S.C. filed Dec. 15, 2009) (§ 2241).

² Plaintiff filed a motion pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 1651(a), which the court construed as a 28 U.S.C. § 2255 motion and dismissed. *United States v. Deleston*, No. 2:99-cr-00751-DCN-6 (Mot., Jan. 2, 2002, ECF Nos. 216, 228).  He subsequently filed a § 2255 motion, which the court dismissed as successive. *Deleston v. U.S.A.*, No. 2:02-cv-03895-DCN (D.S.C. filed Nov. 18, 2002)(Order, Apr. 2, 2003, ECF No. 8).  The Fourth Circuit vacated and remanded because of lack of notice of the court's re-characterization of his first motion. *United States v. Deleston*, 116 F. App'x 454, 455-56 (4th Cir. 2004).  Plaintiff then filed several unsuccessful motions in his criminal case and another § 2255 motion. *Deleston v. U.S.A.,* No. 2:06-cv-00520-DCN (D.S.C. filed Feb. 22, 2006).  The court dismissed that § 2255 as successive. *Id*. (Order, May 18, 2006, ECF No. 9).  Plaintiff did not appeal that dismissal, but he continues to file various motions and appeals in his criminal case, all of which, if ruled on, have been unsuccessful as of the date of preparation of this report. *United States v. Deleston*, No. 2:99-cr-00751-DCN-6 (Mots., ECF Nos. 364, 407, 413, 414, 419, 429, 434, 451, 503, 531, 532, 538, 541, 549, 559, 565, 566); *id*. (Notices of Appeal, ECF Nos. 424, 482, 508, 560).

Compl. 3. Essentially the same contentions were unsuccessfully raised in the case that Plaintiff filed in 2010 against the Department of Justice, the United States Attorney for the District of South Carolina, and two individual attorneys under the *Bivens* doctrine.[3]  *Deleston v. U. S. Dep't of Justice,* No. 6:10-cv-00444-DCN (D.S.C. filed Feb. 24, 2010) (summary dismissal), *aff'd*, 451 F. App'x 285 (4th Cir. 2011).

## INITIAL REVIEW

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff's FTCA claim for damages allegedly arising from "false imprisonment" as a result of the violation of his constitutional rights by an AUSA in connection with his federal criminal prosecution should be dismissed because Plaintiff does not allege that the conviction has been invalidated. Such a cause of action does not accrue until the underlying conviction has been

---

[3]*See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.

invalidated, for example, by a state court's or a federal court's favorable decision on an appeal or issuance of a writ of habeas corpus. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged. The Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87; *see also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment).

While *Heck* involved a § 1983 claim, it is settled that its holding also applies to other types of claims raised by prisoners and not exclusively to causes of action under § 1983. For example, it has been held by several federal courts that the *Heck* doctrine bars claims brought by federal prisoners under the FTCA that, as Plaintiff does here, allege things such as false imprisonment, malicious prosecution, and/or malpractice of federal employees in connection with a federal criminal trial. *See, e.g.*, *Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995) ("FTCA, like § 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments."); *Echols v. Dwyer*, 914 F. Supp. 325, 327 (E.D. Mo.1996) (no FTCA claim for legal malpractice against federal public defender, holding "that an action under the FTCA is not cognizable when it calls into question the validity of a prior conviction"); *Bradshaw v. Jayaraman*, 205 F.3d 1339 (Table), No. 98-6710, 1999 WL 1206870, at *2 (6th Cir. Dec. 9, 1999) (no FTCA legal malpractice action against appointed criminal defense attorney, two law firm employees, and court reporter;

4

"[t]he holding in *Heck* bars such actions, whether brought under *Bivens*, or the FTCA."); *Rashid v. Monteverde & Hemphill*, No. 1997 WL 360922, at * 7n. 15 (E.D. Pa.1 997) (applying *Heck* to FTCA claims involving false arrest, false imprisonment and malicious prosecution).

The Supreme Court stated that "when a state prisoner seeks damages . . . , the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008). A favorable determination on the merits of Plaintiff's claims in this FTCA action would imply that Plaintiff's federal drug conviction was invalid because of the AUSA's allegedly unconstitutional prosecution tactics. Therefore, because Plaintiff does not allege, and court records do not show, that he successfully challenged the lawfulness of his federal drug-related conviction, his claim that his constitutional rights were violated during the prosecution leading to his guilty plea should be dismissed because a right of action has not accrued.[4]

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*.

Plaintiff's attention is directed to the important notice on the next page.

                s/ Kevin F. McDonald
                United States Magistrate Judge

May 11, 2012
Greenville, South Carolina

---

[4] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Morris v. Cardillo*, No. 0:10-443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *adopted by* 2010 WL 2722992 (D.S.C. July 9, 2010).

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Rm. 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).